# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE NEWS-GAZETTE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11901 (KBO)<br><br>*(Joint Administration Pending)*<br><br>**Related Docket No. 7** |

## *INTERIM* ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES, SALARIES, BENEFITS, AND OTHER COMPENSATION, AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND PAY RELATED OBLIGATIONS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (each a "**Debtor**" and, collectively, the "**Debtors**") for entry of interim and final orders, pursuant to sections 105(a), 363(b)(1), 507(a), 541, 1107, and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rules 2015-2 and 9013-1(m), (i) authorizing the Debtors to (a) pay certain prepetition wages, benefit and other compensation, and (b) continue employee compensation and employee benefit programs, and (ii) granting related relief, all as further described in the Motion; and upon consideration of the Motion and First Day Declaration; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion was sufficient under the circumstances and no other or further notice need to be

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: The News-Gazette, Inc. (0894) and D.W.S., Inc. (7985). The Debtors' headquarters are located at 15 East Main Street, Champaign, Illinois 61820.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

provided; the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at the hearing; after due deliberation, the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties interested in this case; and good and sufficient cause having been shown,

**IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED on an interim basis as set forth in this Interim Order.

    2.    The Debtors are authorized, but not required, to (i) pay or cause to be paid all amounts required under or related to the Employee Obligations in the ordinary course of business and in accordance with the same practices and procedures as were in effect prior to the Petition Date up to a maximum aggregate cap of $275,000.00, (ii) continue to pay and honor, or cause to be paid, all obligations arising under or related to the Employee Benefits Programs and other policies and benefits in the ordinary course of business and in accordance with the same practices and procedures as were in effect prior to the Petition Date, as such Employee Benefits Programs may be modified, terminated, amended, or supplemented from time to time in the ordinary course of the Debtors' business, and (iii) pay any processing costs related to the foregoing that have accrued and remain unpaid (including those amounts that remain unpaid as a result of dishonoring of checks due to the filing of these Chapter 11 Cases) as of the Petition Date to or for the benefit of its Employees, subject to the limitations imposed by subsections 507(a)(4) and 507(a)(5) of the Bankruptcy Code and entry of a final order on the Motion; provided, however, that nothing in this Interim Order shall be construed as prohibiting the Debtors from seeking this Court's authorization to pay any Employee Obligations above the cap imposed by subsections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, and the Debtors expressly reserve the right to do so.

3.      Nothing in this Interim Order shall be deemed to authorize the Debtors to cash out unpaid Paid Time Off Payouts, upon termination of an Employee, unless applicable state law requires such payment.

4.      The Banks and financial institutions (including the Payroll Processor) on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, including all checks issued prepetition and presented for payment postpetition, and all such Banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid under this Interim Order and is not cleared by the applicable Bank or other financial institution.

5.      A final hearing (the "**Final Hearing**") on the full relief requested in the Motion shall be held on _September 26_, 2019 at _1:30_ p.m. (*Prevailing* Eastern Time). Any objections or responses to entry of a final order on the Motion (each, an "**Objection**") shall be filed on or before 4:00 p.m. *Prevailing* Eastern Time on _September 19_, 2019, and served on the following parties: (a) the Debtors, The News-Gazette, Inc., 15 East Main Street, Champaign, Illinois 61820 (*Attn*: John L. Reed, Chief Executive Officer); (b) *proposed* counsel for the Debtors, (i) Neal, Gerber & Eisenberg LLP, Two North LaSalle Street, Suite 1700, Chicago, Illinois 60602 (*Attn:* Nicholas M. Miller, Esquire and Thomas C. Wolford, Esquire); and (ii) Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801 (*Attn*: William E. Chipman, Jr., Esquire and Mark D. Olivere, Esquire); (c) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King

Street, Lockbox 35, Wilmington, Delaware 19801 (*Attn*: Linda Richenderfer, Esquire); and (f) counsel to any official committee of unsecured creditors appointed in this case. In the event no Objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

6. Notwithstanding any other provision of this Interim Order, no payments to any individual Employee shall exceed the amounts set forth in subsections 507(a)(4) and (a)(5) of the Bankruptcy Code, as applicable.

7. Nothing herein shall be deemed to authorize the payments of any amounts which are subject to section 503(c) of the Bankruptcy Code.

8. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

9. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

10. Notwithstanding Bankruptcy Rule 6004(h) or Local Rule that might otherwise delay the effectiveness of this Interim Order, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12. Nothing in the Motion or this Interim Order, nor the Debtors' payment of claims pursuant to this Interim Order shall be deemed or construed as (a) an admission as to the validity, priority, or amount of any claim against the Debtors or their estates; (b) a waiver of the rights of the Debtors and their estates to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is a claim for Prepetition Obligation; (e) an approval or assumption of any contract or agreement pursuant to section 365 of the Bankruptcy Code; (f) the waiver of any cause of action of the Debtors and their estates; or (g) impairing,

prejudicing, waiving, or otherwise affecting any rights of the Debtors and their estates on account of any amounts owed or paid on account of Prepetition Obligations.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: September  4 , 2019
Wilmington, Delaware

_____
Honorable Karen B. Owens
United States Bankruptcy Court