**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| THE NEWS-GAZETTE, INC., *et al.*,[1] | Case No. 19-11901 (KBO) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR D.W.S., INC. (19-11899)

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  The News-Gazette, Inc. (0894) and D.W.S., Inc. (7985).  The Debtors' headquarters are located at 15 East Main Street, Champaign, Illinois 61820.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE NEWS-GAZETTE, INC., *et al.*,[1] | Case No. 19-11901 (KBO) |
| Debtors. | (Jointly Administered) |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

The News-Gazette, Inc. and D.W.S., Inc. (each, a "Debtor" and collectively, the "Debtors," or, the "Company"), with the assistance of their professional advisors, have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs" or "Statements" and, together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

These Global Notes, Methodology and Specific Disclosures Regarding the Debtors' Schedules and Statements (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of all the Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements do not purport to represent financial statements prepared in accordance with generally accepted accounting principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of the Debtors. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation. Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause material changes to the Schedules and Statements. Although

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: The News-Gazette, Inc. (0894) and D.W.S., Inc. (7985). The Debtors' headquarters are located at 15 East Main Street, Champaign, Illinois 61820.

[2]     These Global Notes are in addition to any specific notes contained in each Debtor's Schedules or SOFAs. The fact that the Debtors have prepared a "General Note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of such General Note to any of the Debtors' remaining Schedules and Statements, as appropriate.

reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals. Traci E. Nally has signed the Schedules and Statements. Ms. Nally is the Executive Vice President of the Debtors, and an authorized signatory. In reviewing and signing the Schedules and Statements, Ms. Nally necessarily has relied upon the efforts, statements and representations of the Debtors' advisors and various personnel employed by the Debtors. Ms. Nally has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts and creditor addresses.

**The Schedules, SOFAs and Global Notes should not be relied upon by any person for information relating to current or future financial conditions, events or performance of any of the Debtors. Due to numerous unliquidated, contingent, and/or disputed claims, summary statistics in the Schedules, SOFAs, and Global Notes are likely not an accurate representation of the Debtors' liabilities.**

## Global Notes and Overview of Methodology

1.     **Reservation of Rights**.

The Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to a claim (including, but not limited to, amending the description or designation of any claim; disputing or otherwise asserting offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; subsequently designating any claim as "disputed," "contingent" or "unliquidated;" or objecting to the extent, validity, enforceability, priority or avoidability of any claim). Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated." Listing a claim does not constitute an admission of liability by the Debtors. Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

Further, nothing contained in the Schedules and Statements shall constitute a waiver of rights or an admission with respect to the chapter 11 cases, including, without limitation, with respect to matters involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover assets or avoid transfers. Any specific reservation of rights contained

elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this or the preceding paragraph.

2.      **Description of Cases and "as of" Information Date.**  On August 30, 2019, The News-Gazette, Inc. and D.W.S., Inc. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").  The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On September 4, 2019, the Bankruptcy Court entered an order (Docket No. 29) providing for the joint administration of the Debtors pursuant to Bankruptcy Rule 1015(b).

A statutory committee of unsecured creditors pursuant to Bankruptcy Code section 1102(a)(1) has not been appointed.

The asset and liability information provided herein, except as otherwise noted, represents the asset and liability data of the Debtors as of August 31, 2019.  As more fully described in Section 15 below, the Debtors were required to make certain estimates and assumptions that affect the reported amounts within the Schedules and Statements.  Adjusting the "as-of" date to coincide with Debtors' normal closing schedule for the month minimizes some of the estimates and assumptions.

3.      **Basis of Presentation**.  The totals listed in the Schedules and Statements may not be comparable to the Company's consolidated financial reports prepared for public reporting purposes or otherwise.  Although these Schedules and Statements may, at times, incorporate information prepared in accordance with GAAP, the Schedules and Statements neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Debtors reserve all rights to amend these Schedules and Statements.

4.      **Recharacterization**.  Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize and designate certain claims, assets, contracts, leases and other items reported in the Schedules and Statements, the Debtors may nevertheless seek to recharacterize, reclassify, recategorize, redesignate, add or delete items.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed in the Schedules and Statements were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.      **Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.  Accordingly, the Debtors reserve all of their rights to amend, supplement or otherwise modify the Schedules and Statements as is necessary or appropriate.

The liabilities listed on the Schedules do not reflect any analysis of claims under Bankruptcy Code section 503(b)(9). Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of all claims asserted under Bankruptcy Code section 503(b)(9).

6.    **Excluded Assets and Liabilities**. In preparation of the Schedules and Statements, the Debtors may have excluded certain assets and liabilities. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. These balances primarily represent general estimates of assets or liabilities and do not reflect specific assets or claims as of the Petition Date.

7.    **Insiders**. Solely for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of the Debtors (whether directly or indirectly); and (d) relatives of (a) – (c) (to the extent known by the Debtors).

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws and section 101(31) of the Bankruptcy Code, or with respect to any theories of liability or for any other purpose. As such, the Debtors reserve all rights with respect to the foregoing issues.

8.    **Intellectual Property Rights.** The exclusion of any intellectual property shall not be construed as an admission that such intellectual property rights do not exist or have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

9.    **Contracts and Leases**. Nothing contained in or omitted from the Schedules and Statements is or shall be construed as an admission as to the determination of the legal status of any contract or lease, including whether any lease is a true lease or a financing arrangement, whether such contract or lease is an executory contract or unexpired lease, or whether such contract or lease is binding, valid, and enforceable. The Debtors reserve all rights with respect to all such issues. In addition, the Debtors reserve all rights, claims, and causes of action with respect to the contracts and agreements listed in the Schedules and Statements, including the rights to dispute or challenge the characterization or the structure of any transaction or document or instrument.

10.    **Classifications**. Listing a claim on (a) Schedule D as "secured", (b) Schedule E/F, Part 1 as "priority," (c) Schedule E/F, Part 2 as "unsecured," or Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claims or contracts.

11.    **Claims Description**. Schedules D and E/F permit the Debtors to designate a claim as "disputed," "contingent" and/or "unliquidated." Any failure to designate a claim on a given

Schedule as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated," or that such claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their Schedules on any grounds, including, but not limited to amount, liability, validity, priority or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate any claim as "disputed," "contingent" or "unliquidated." Moreover, listing a claim does not constitute an admission of liability by the Debtors.

12.    **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have identified and/or listed as assets in the Schedules and Statements all of their causes of action or potential causes of action against third-parties (and in particular have not identified or listed causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers). The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim or recoupment; any claim on a contract or for breach of duty imposed by law or in equity; and any demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license or franchise, in each case of any kind or character whatsoever, known or unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

13.    **Setoffs.** The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their suppliers and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules and Statements, offsets are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.

14.    **Summary of Significant Reporting Policies**. The following is a summary of significant reporting policies:

      (a)    Currency. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

      (b)    Undetermined Amounts. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

      (c)    Net Book Value of Assets. The Debtors do not have current market valuations for all assets. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market

valuations for all assets.  Wherever possible, unless otherwise indicated, net book values as of the Petition Date are presented.  When necessary, the Debtors have indicated that the value of certain assets is "unknown" or "undetermined." Amounts ultimately realized may vary materially from net book value (or whatever value was ascribed).

Accordingly, the Debtors reserve all rights to amend, supplement, or adjust the asset values set forth in the Schedules and Statements.  As applicable, assets that have been fully depreciated or fully amortized, or were expensed for GAAP accounting purposes, and therefore, have no net book value, are not included in the Schedules and Statements.

(d)     <u>Totals</u>.  To the extent there are unknown or undetermined amounts included in the Schedules and Statements, the actual totals may be different than the listed totals.

(e)     <u>Paid Claims</u>.  The Debtors were authorized (but not directed) to pay certain outstanding prepetition claims pursuant to various orders entered by the Bankruptcy Court (collectively, the "<u>First Day Orders</u>").  Except as otherwise indicated, such prepetition claims are generally reflected on the Schedules and Statements without regard to whether or not they have been paid as of the date of filing of these Schedules and Statements or are authorized to be paid under the First Day Orders.  To the extent the Debtors have paid or pay in the future claims listed in the Schedules and Statements pursuant to orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules and Statements or to take action as is necessary or appropriate to avoid over-payment of or duplicate payments for any such liabilities.  Notwithstanding the foregoing, the Schedules and Statements may inadvertently reflect some of the Debtors' payments of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included in the Schedules and Statements.

(f)     <u>Credits and Adjustments</u>.  The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert objections and/or setoffs with respect to the same.

(g)     <u>Liens</u>.  Property and/or equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

15.     **Estimates**.  To prepare and file the Schedules and Statements in accordance with the deadlines established in the chapter 11 cases, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses.  The Debtors reserve all rights to amend the reported amounts of assets, liabilities, revenue and expenses to reflect changes in those estimates and assumptions.

16.    **Global Notes Control**.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

### Specific Disclosures With Respect to the Debtors' Schedules of Assets and Liabilities

**Schedule A/B, questions 6, 7 and 8.**  The Debtors' books and records do not generally distinguish between deposits and prepaid amounts and so answers to questions for deposits and prepaid amounts may contain some or all of both.

**Schedule A/B, questions 39-40.**  The Debtors do not bifurcate office furniture from fixtures on their balance sheets, so furniture may include fixtures.

**Schedule A/B, question 55.**  The Debtors note that their books and records do not contain values for their real property leases.

**Schedule A/B, question 61.**  The Debtors note that the websites relating to a Debtor's business line appear on that Debtor's Schedules.  In some instances, such website(s) may in fact be registered to a different Debtor.

**Schedule A/B, question 73.**  Only insurance policies with unexpired coverage terms as of the Petition Date for such Debtor are listed.  To the extent that one or more Debtors might have rights to coverage under a policy with an expired coverage term, all such rights are expressly preserved notwithstanding the fact such policies have not been listed in response thereto.

**Schedule A/B, question 74.**  The Debtors, despite their efforts, may not have listed all of their causes of action against third parties as assets in the Schedules and Statements.  The Debtors reserve all of their rights with respect to any causes of action they may have, whether or not listed as assets in the Schedules and Statements, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Schedule E/F; Priority.**  The Debtors have not determined whether, and to what extent, certain of the creditors identified on Part 1 of Schedule E/F are actually entitled to priority under section 507 of the Bankruptcy Code.  The Debtors reserve the right to assert that claims identified on Part 1 of Schedule E/F are not claims that are entitled to priority.

**Schedules E/F.**  The Debtors' analysis of potential claims is ongoing, and amounts listed as claims on Schedule E/F remain subject to such analysis. Amendments may be made to Schedule E/F as necessary. Although reasonable efforts have been made to identify the date of incurrence of each claim, determining the date upon which each claim on Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors do not list a date for each claim on Schedule E/F.

**Schedule G; Executory Nature.**  The Debtors have excluded professional engagement letters for Schedule G.  The Debtors also believe they have only scheduled executory contracts to which a Debtor is a party or may be contractually and/or directly liable to perform.  Similarly, for the purposes of the other Schedules and the Statements, no claims have been scheduled for a Debtor

that may have benefited directly or indirectly from a contractual relationship to which the Debtor was not a named party.

**Schedule G; Reservation.**  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations may not be set forth on Schedule G.  Certain of these executory agreements may not have been memorialized in writing and/or could be subject to dispute.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G.  The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.  Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis.  Such contracts may not be included on Schedule G.  However, each Debtor reserves the right to assert that such agreements constitute executory contracts.

**Schedule G; No admission.**  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases.  Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.

**Schedule H; Insurers.**  The Debtors have not listed each past and current insurer of a Debtor in response to Schedule H.  The exclusion of an insurer on Schedule H does not mean such insurer is not necessarily a co-debtor in fact and the Debtors reserve their rights to assert any such claims against insurers.  Likewise, the Debtors have not listed co-defendants in any litigation pending against the Debtors, but reserve all rights with respect thereto.

### Specific Disclosures With Respect to the Debtors' Statements of Financial Affairs

**SOFA 28, 29 and 30.**  The listing of any person or entity is not intended to be nor shall it be construed as a legal characterization of such party as an insider, and does not act as an admission of any fact, claim, right or defense, and all such right, claims and defenses are hereby reserved. Additionally, the responses to question 30 do not include certain ordinary course business expenses charged directly to corporate credit cards.

**SOFA 6.**  In the ordinary course of business certain of the Debtors' creditors, such as utilities, may have setoff all or part of unpaid invoices against items such as security deposits or retainers previously provided to such creditors by the Debtors. These creditors are not listed in response to question 6. Likewise, bank fees deducted from bank accounts of the Debtors are not listed in response to question 6.  Additionally, in the ordinary course of business the Debtors may record intercompany non-cash accounting entries on their respective books and records. To the extent that these accounting entries could be considered setoffs, such setoffs are not listed in response to question 6.

**SOFA 26(a) – 26(c).**  The Debtors have identified the Controller and certain others in connection with the audit, compilation, review and/or maintenance of the Debtors' books and records, but other finance and accounting personnel of the Debtors who have assisted in the foregoing have been omitted from the responses to these questions.  The Debtors did not include certain firms or individuals that reviewed the Debtors' books of account and records at the request of third parties.

**SOFA 26(d)**.  The Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons. Recipients have included regulatory agencies, financial institutions, investment banks, creditors, and their respective legal and financial advisors.  Although the Debtors from time to time may have furnished financial statements to parties other than those listed, it is not the practice of the Debtors to maintain exhaustive records of such transmittal.  Consequently, the Debtors cannot provide an exhaustive list of all entities that have received one or more financial statements from the Debtors in response to question 26(d).  Finally, although the Debtors have previously provided financial statements to certain prospective purchasers of the Debtors or their assets or other possible financing sources, the Debtors believe they may be contractually prohibited from publicly disclosing the identity of these recipients. For this reason, those responses to question 26(d) have been omitted.

**SOFA 27.**  With respect to question 27 of the Statements and Schedule A/B, questions 18-23, certain of the Debtors' locations do periodic cycle counts rather than full annual physical inventories. The Debtors have only listed physical inventories in response to question 27. Additionally, the Debtor's book value of inventory is generally calculated using FIFO accounting and the lower of cost or market value.  Specifically, the inventory is booked at cost and, in certain instances, reserves are created for where the Debtors believe market value of the inventory has decreased below cost.  In these instances, the book value of inventory on the Statements and Schedules is presented net of reserves for devalued inventory.

**SOFA 30.**  The Debtors have omitted de minimis expense reimbursements, such as reimbursement of working travel costs, from the response to question 30 of the Statements.

The Debtors and their employees, agents, attorneys and other professionals do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their employees, agents, attorneys and other professionals expressly

do not undertake any obligation to notify any third party should the information be or need to be updated, modified, revised or re-categorized. In no event shall the Debtors or their employees, agents, attorneys or other professionals be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their employees, agents, attorneys and other professionals are advised of the possibility of such damages.

Fill in this information to identify the case:

**Debtor name:** D.W.S., Inc.

**United States Bankruptcy for the District of:** Delaware

**Case number:** 19-11899

☐ Check if this is an
amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

1. Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B)

1a. Real property:                                                                $2,245,000.00
       Copy line 88 from Schedule A/B

1b. Total personal property:                                                  $1,526,505.81
       Copy line 91A from Schedule A/B

1c. Total of all property:                                                        $3,771,505.81
       Copy line 92 from Schedule A/B


2. Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)          $0.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D


3. Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

3a. Total claim amounts of priority unsecured claims:                $0.00
       Copy the total claims from Part 1 from line 5a of Schedule E/F

3b. Total amount of claims of nonpriority amount of unsecured claims:          $5,231,877.89
       Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F


4. Total Liabilities                                                                $5,231,877.89
Lines 2 + 3a + 3b

Fill in this information to identify the case:

**Debtor name:** D.W.S., Inc.

**United States Bankruptcy for the District of:** Delaware

**Case number:** 19-11899

☐ Check if this is an amended filing

Official Form 206A/B
## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and Cash Equivalents

1. Does the debtor have any cash or cash equivalents?

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. Cash on hand

| 2.1 | $0.00 |
|---|---|

3. Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 | | | $0.00 |

4. Other cash equivalents *(Identify all)*

| 4.1 | $0.00 |
|---|---|

5. Total of Part 1

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$0.00

### Part 2:   Deposits and prepayments

6. Does the debtor have any deposits or prepayments?

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. Deposits, including security deposits and utility deposits
Description, including name of holder of deposit

| 7.1 | $0.00 |
|---|---|

8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent
Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | PREPAID DUES - NAFB | $273.28 |
| 8.2 | PREPAID MAINT. - WIDEORBIT | $269.97 |
| 8.3 | PREPAID RENT - GENERAL GROWTH PARTNERS | $1,500.00 |

9. Total of Part 2

Add lines 7 through 8. Copy the total to line 81.

$2,043.25

## Part 3: Accounts receivable

10. Does the debtor have any accounts receivable?

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

Current value of debtor's interest

11. Accounts receivable

| | | | | | |
|---|---|---|---|---|---|
| 11a. | 90 days old or less: | 235,061.00 <br> face amount | - 0.00 <br> doubtful or uncollectible accounts | = ........ | $235,061.00 |
| 11b. | Over 90 days old: | 70,043.00 <br> face amount | - 27,848.00 <br> doubtful or uncollectible accounts | = ........ | $42,559.00 |

12. Total of Part 3

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$277,620.00

## Part 4: Investments

13. Does the debtor own any investments?

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. Mutual funds or publicly traded stocks not included in Part 1
Name of fund or stock:

| | | | |
|---|---|---|---|
| 14.1 | | | $0.00 |

15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture
Name of entity:                                    % of ownership:

| | | | | |
|---|---|---|---|---|
| 15.1 | | % | | $0.00 |

16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1
Describe:

16.1 _____    _____    $0.00 _____

17. Total of Part 4
Add lines 14 through 16. Copy the total to line 83.                    | $0.00 |

---

**Part 5:    Inventory, excluding agriculture assets**

18. Does the debtor own any inventory (excluding agriculture assets)?

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. Raw materials | | $ | | $0.00 |
| 20. Work in progress | | $ | | $0.00 |
| 21. Finished goods, including goods held for resale | | $ | | $0.00 |
| 22. Other inventory or supplies | | $ | | $0.00 |

23. Total of Part 5
Add lines 19 through 22. Copy the total to line 84.                    | $0.00 |

24. Is any of the property listed in Part 5 perishable?

☑ No

☐ Yes

25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?

☑ No
☐ Yes          Book value    $ _____    Valuation method _____    Current value    $ _____

26. Has any of the property listed in Part 5 been appraised by a professional within the last year?

☑ No

☐ Yes

---

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. Crops—either planted or harvested | $ | | $0.00 |
| 29. Farm animals *Examples:* Livestock, poultry, farm-raised fish | $ | | $0.00 |
| 30. Farm machinery and equipment (Other than titled motor vehicles) | $ | | $0.00 |
| 31. Farm and fishing supplies, chemicals, and feed | $ | | $0.00 |
| 32. Other farming and fishing-related property not already listed in Part 6 | $ | | $0.00 |

33. Total of Part 6

Add lines 28 through 32. Copy the total to line 85.

$0.00

34. Is the debtor a member of an agricultural cooperative?

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☑ No

☐ Yes

35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?

☑ No

☐ Yes    Book value    $_____    Valuation method _____    Current value    $_____

36. Is a depreciation schedule available for any of the property listed in Part 6?

☑ No

☐ Yes

37. Has any of the property listed in Part 6 been appraised by a professional within the last year?

☑ No

☐ Yes

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

39. Office furniture

39.1 _____ $ _____ _____ $0.00

40. Office fixtures

40.1 _____ $ _____ _____ $0.00

41. Office equipment, including all computer equipment and communication systems equipment and software

41.1 SEE ATTACHED SCHEDULE AB41 $ _____ _____ $1,598.20

42. Collectibles *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

42.1 _____ $ _____ _____ $0.00

43. Total of Part 7

Add lines 39 through 42. Copy the total to line 86.

$1,598.20

44. Is a depreciation schedule available for any of the property listed in Part 7?

☑ No

☐ Yes

45. Has any of the property listed in Part 7 been appraised by a professional within the last year?

☑ No

☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

46. Does the debtor own or lease any machinery, equipment, or vehicles?

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles | | | |
| 47.1 2007 GMC SAVANA 1500 CARGO VAN VIN 5104 | $ 0.00 | NBV | $0.00 |
| 48. Watercraft, trailers, motors, and related accessories Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | $ | | $0.00 |
| 49. Aircraft and accessories | | | |
| 49.1 | $ | | $0.00 |
| 50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment) | | | |
| 50.1 SEE ATTACHMENT SCHEDULE AB50 | $ | | $361,442.50 |

51. Total of Part 8.

Add lines 47 through 50. Copy the total to line 87.

$361,442.50

52. Is a depreciation schedule available for any of the property listed in Part 8?

☐ No

☑ Yes

53. Has any of the property listed in Part 8 been appraised by a professional within the last year?

☑ No

☐ Yes

## Part 9:  Real Property

54. Does the debtor own or lease any real property?

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1   RADIO CENTER - 2301 S NEIL ST, CHAMPAIGN, IL | OWNED | $ 62,796.45 | APPRAISAL | $2,245,000.00 |

56. Total of Part 9.

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$2,245,000.00

57. Is a depreciation schedule available for any of the property listed in Part 9?

☑ No

☐ Yes

58. Has any of the property listed in Part 9 been appraised by a professional within the last year?

☐ No

☑ Yes

**Part 10:**  **Intangibles and intellectual property**

59. Does the debtor have any interests in intangibles or intellectual property?

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1    SEE ATTACHMENT SCHEDULE AB60 | $ | | UNDETERMINED |
| **61. Internet domain names and websites** | | | |
| 61.1    wdws.com; whms.com; wkio1079.com | $ | NONE | UNDETERMINED |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | $ | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | $ | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | $ | | $0.00 |
| **65. Goodwill** | | | |
| 65.1    GOODWILL | $ 955,000.00 | PURCHASE AGREEMENT | UNDETERMINED |

66. Total of Part 10.

Add lines 60 through 65. Copy the total to line 89.

| $0.00 |
|---|

67. Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☑ Yes

68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?

☑ No

☐ Yes

69. Has any of the property listed in Part 10 been appraised by a professional within the last year?

☑ No

☐ Yes

**Part 11:**  **All other assets**

70. Does the debtor own any other assets that have not yet been reported on this form?
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1 _____ _____ - _____ = $0.00
                          total face amount                                    doubtful or uncollectible
                                                                                amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1 _____    Tax year _____    $0.00

**73. Interests in insurance policies or annuities**

73.1    CSV - KEY MAN LIFE INSURANCE _____    $883,801.86

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1 _____    $0.00

Nature of Claim    _____

Amount requested    $ _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1 _____    $0.00

Nature of Claim    _____

Amount requested    $ _____

**76. Trusts, equitable or future interests in property**

76.1 _____    $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1 _____    $0.00

**78. Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

| $883,801.86 |
|---|

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

**Part 12:** **Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $0.00 | |
| 81. Deposits and prepayments. Copy line 9, Part 2. | $2,043.25 | |
| 82. Accounts receivable. Copy line 12, Part 3. | $277,620.00 | |
| 83. Investments. Copy line 17, Part 4. | $0.00 | |
| 84. Inventory. Copy line 23, Part 5. | $0.00 | |
| 85. Farming and fishing-related assets. Copy line 33, Part 6. | $0.00 | |
| 86. Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $1,598.20 | |
| 87. Machinery, equipment, and vehicles. Copy line 51, Part 8. | $361,442.50 | |
| 88. Real property. Copy line 56, Part 9. | | $2,245,000.00 |
| 89. Intangibles and intellectual property.. Copy line 66, Part 10. | $0.00 | |
| 90. All other assets. Copy line 78, Part 11. | $883,801.86 | |
| 91. Total. Add lines 80 through 90 for each column | 91a. $1,526,505.81 | 91b. $2,245,000.00 |
| 92. Total of all property on Schedule A/B. Lines 91a + 91b = 92. | | $3,771,505.81 |

**SCHEDULE 41 ATTACHMENT**
Office Equipment

| | General Description | Net Book Value | Valuation Method | Current Value |
|---|---|---|---|---|
| 41.01 | FIREPROOF CABINET | $0.00 | NET BOOK VALUE | Unknown |
| 41.02 | IPUMP 6420 RECEIVER (1) | $0.00 | NET BOOK VALUE | Unknown |
| 41.03 | NEC 2000 IPS PHONE SYS-OFC | $0.00 | NET BOOK VALUE | Unknown |
| 41.04 | WIDEORBIT AUTOMATION RADIO CONTROL SYSTEM | $1,598.20 | NET BOOK VALUE | $   1,598.20 |
| 41.05 | WUIL BURK AP2010 SFTWR-S&T | $0.00 | NET BOOK VALUE | Unknown |
| 41.06 | XDS SATELLITE RECEIVERS (5) | $0.00 | NET BOOK VALUE | Unknown |
| | | | **TOTAL:** | **$   1,598.20** |

In re: [Debtor Name]
Case No. [Case #]                    Page 1 of 1

**SCHEDULE AB50 ATTACHMENT**

Other Machinery, Fixtures, and Equipment

| General Description (Include year, make, model, and identification numbers) | Net Book Value | Valuation Method | Current Value |
|---|---|---|---|
| 50.01 1-ORBAN 8200 SIGNATURE SERIES | $0.00 | Net Book Value | Unknown |
| 50.02 3.7M PRODELIN ANTENNA | $10,785.60 | Net Book Value | $10,785.60 |
| 50.03 AM CONSOLE A-500A | $0.00 | Net Book Value | Unknown |
| 50.04 AM MODULATION MONITOR | $752.70 | Net Book Value | $752.70 |
| 50.05 AUDIO OVER IP DUPLEX AUDIO TRANSMISSION VERSION 2 | $1,979.98 | Net Book Value | $1,979.98 |
| 50.06 BROADCAST CONSOLE | $0.00 | Net Book Value | Unknown |
| 50.07 COMREX PORTABLE ACCESS | $2,072.30 | Net Book Value | $2,072.30 |
| 50.08 COMREX VECTOR CODEC PORT | $0.00 | Net Book Value | Unknown |
| 50.09 DELTA AMP | $0.00 | Net Book Value | Unknown |
| 50.10 ENDEC EAS ENCODER/DECODER | $0.00 | Net Book Value | Unknown |
| 50.11 ERI SHPX-5AE 5-BAY FM TRANSMITTER | $0.00 | Net Book Value | Unknown |
| 50.12 FLASHHEAD TOWER LIGHTS | $2,927.43 | Net Book Value | $2,927.43 |
| 50.13 FLASHHEAD TOWER LIGHTS | $938.94 | Net Book Value | $938.94 |
| 50.14 FM TRANSMITTER | $0.00 | Net Book Value | Unknown |
| 50.15 HARRIS AIRWAVE DIG12 MAINFRM-S&T | $0.00 | Net Book Value | Unknown |
| 50.16 HARRIS EXCITER | $0.00 | Net Book Value | Unknown |
| 50.17 HARRIS NETWAVE AUDIO | $712.25 | Net Book Value | $712.25 |
| 50.18 HARRIS ORBAN AM OPTIMOD-S&T | $0.00 | Net Book Value | Unknown |
| 50.19 HARRIS SOURCE GEAR-S&T | $0.00 | Net Book Value | Unknown |
| 50.20 HARRIS WDWS PENNY TALK STUDIO EQUIP-S&T | $0.00 | Net Book Value | Unknown |
| 50.21 IDELEC SWITCH/CONTROLLER-TRNSMTTR | $0.00 | Net Book Value | Unknown |
| 50.22 Inovonics Broadcaset Modulation Monitor Model 531N Serial 4356 | $2,713.37 | Net Book Value | $2,713.37 |
| 50.23 MARTI ELECT UNIT | $0.00 | Net Book Value | Unknown |
| 50.24 MARTI ELECTRONIC EQP | $0.00 | Net Book Value | Unknown |
| 50.25 MARTI SRPT30-150 TRNSMTTR-S&T | $0.00 | Net Book Value | Unknown |
| 50.26 NAUTEL ND1 1KW AM TRANSMITTER | $0.00 | Net Book Value | Unknown |
| 50.27 SHURE UR24D/SM58-J5 WIRELESS MIC SYS-S&T | $0.00 | Net Book Value | Unknown |
| 50.28 TRANSMITTER 1972 | $0.00 | Net Book Value | Unknown |
| 50.29 TRANSMITTER PRIOR 69 | $0.00 | Net Book Value | Unknown |
| 50.30 Wheatstone IP88-3A Microphone Blade    serial number 1905-119277 | $3,123.32 | Net Book Value | $3,123.32 |
| 50.31 Wheatstone M4-IPUSB  Micophone Blade | $3,314.06 | Net Book Value | $3,314.06 |
| 50.32 Wheatstone Studio Equipment 2017 | $173,438.72 | Net Book Value | $173,438.72 |
| 50.33 WHEATSTONE-CONSOLE | $0.00 | Net Book Value | Unknown |
| 50.34 WUIL ADDITIONAL SITE ITEMS-T&T 2010 | $21,694.41 | Net Book Value | $21,694.41 |
| 50.35 WUIL ANCILLARY EQUIPMENT-S&T | $0.00 | Net Book Value | Unknown |
| 50.36 WUIL BSW STUDIO EQP & MONITORS-S&T | $0.00 | Net Book Value | Unknown |
| 50.37 WUIL BURK ARC PLUS SL REMOTE CTRL HRDWR-S&T | $0.00 | Net Book Value | Unknown |
| 50.38 WUIL ERI LPX-2E ANTENNA W/ RADOMES-T&T | $0.00 | Net Book Value | Unknown |
| 50.39 WUIL FM exciter | $0.00 | Net Book Value | Unknown |
| 50.40 WUIL HARRIS MODULE PA 850W-S&T | $0.00 | Net Book Value | Unknown |
| 50.41 WUIL HARRIS Z5CD TRNSMTTR/HJ7-50A TRNSMSSN LINE-T&T | $7,333.33 | Net Book Value | $7,333.33 |
| 50.42 WUIL MARK P9A72GN-U ANTENNA-T&T | $0.00 | Net Book Value | Unknown |
| 50.43 WUIL MOSELEY SL9003Q-2S TRNSMTR LINK SYS-T&T | $1,385.26 | Net Book Value | $1,385.26 |
| 50.44 WUIL ORBAN 5500 PRCSSR/BURK ARC REMOTE CTRL-S&T | $0.00 | Net Book Value | Unknown |
| 50.45 WUIL SCALA PR-950 ANTENNA-T&T | $0.00 | Net Book Value | Unknown |
| 50.46 WUIL TWR 440' GUYED TOWER/8'X20' SHELTER - 2010 | $128,270.83 | Net Book Value | $128,270.83 |
| | | **TOTAL:** | **$361,442.50** |

Fill in this information to identify the case:

**Debtor name:** D.W.S., Inc.

**United States Bankruptcy for the District of:** Delaware

**Case number:** 19-11899

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

Be as complete and accurate as possible.

**Part 1:    List Creditors Who Have Claims Secured by Property**

1. Do any creditors have claims secured by debtor's property?

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

2. List creditors who have secured claims.If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>Amount of Claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|
| | $0.00 | $ |

**2.1**

Creditor's name and mailing address

Date debt was incurred?

Last 4 digits of account number

Do multiple creditors have an interest in the same property?
☑ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

Describe debtor's property that is subject to the lien:

Describe the lien

Is the creditor an insider or related party?
☑ No
☐ Yes

Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.                    $0.00

Fill in this information to identify the case:

**Debtor name:** D.W.S., Inc.

**United States Bankruptcy for the District of:** Delaware

**Case number:** 19-11899

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**   **List All Creditors with PRIORITY Unsecured Claims**

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|
| 2.1 | Priority creditor's name and mailing address | $ | $0.00 |

As of the petition filing date, the claim is:
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

Date or dates debt was incurred

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim:
11 U.S.C. § 507(a) ( )

Basis for the claim:

Is the claim subject to offset?

☑ No

☐ Yes

**Part 2:**   **List All Creditors with NONPRIORITY Unsecured Claims**

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | Amount of claim |
|---|---|---|
| 3.1 | Nonpriority creditor's name and mailing address<br>SEE ATTACHMENT SCHEDULE F | $5,231,877.89 |

Date or dates debt was incurred

As of the petition filing date, the claim is:
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

Basis for the claim:

Is the claim subject to offset?

☑ No

☐ Yes

**Part 3:    List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. | Line | |
| | ☐ Not listed. Explain | |

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. Add the amounts of priority and nonpriority unsecured claims.

|  | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $0.00 |
| 5b. Total claims from Part 2 | 5b. | $5,231,877.89 |
| 5c. Total of Parts 1 and 2 Lines 5a + 5b = 5c. | 5c. | $5,231,877.89 |

SCHEDULE F ATTACHMENT

Creditors Who Have Non-Priority Unsecured Claims

| ID | Creditor's Name | Address 1 | Address 2 | City | State | ZIP | Date Incurred | Last 4 Digits of Account # | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? (Yes/No) | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.01 | AMEREN ILLINOIS  DWS | PO BOX 88034 | | CHICAGO | IL | 60680-1034 | | 089J | Trade Vendor | | | | No | $2,757.42 |
| 2.02 | AT&T 6823/9397/5341 | PO BOX 5080 | | CAROL STREAM | IL | 60197-5080 | | 1279 | Trade Vendor | | | | No | $651.47 |
| 2.03 | AT&T DIA 2302/9863/6891 | PO BOX 5080 | | CAROL STREAM | IL | 60197-5080 | | 87 | Trade Vendor | | | | No | $486.30 |
| 2.04 | ATT DIA 6891 | PO BOX 105068 | | ATLANTA | GA | 30348-5068 | | 638W | Trade Vendor | | | | No | $55.71 |
| 2.05 | CHRISTAL RADIO | 12019 COLLECTIONS CENTER DRIVE | | CHICAGO | IL | 60693-0120 | | 526 | Trade Vendor | | | | No | $910.76 |
| 2.06 | COUNTY COLLECTOR | PO BOX 9 | | URBANA | IL | 61803-009 | | 1274 | Property Taxes | | | | No | $16,425.86 |
| 2.07 | DOUGLAS COUNTY COLLECTOR | PO BOX 320 | | TUSCOLA | IL | 61953 | | 0207 | Property Taxes | | | | No | $3,551.83 |
| 2.08 | EASTERN ILLINI ELEC COOP | PO BOX 84 | | PAXTON | IL | 60957-0084 | | 217 | Trade Vendor | | | | No | $929.45 |
| 2.09 | EVANS HORTICULTURAL SERVICES | PO BOX 473 | | SAVOY | IL | 61874 | | 9361 | Trade Vendor | | | | No | $50.00 |
| 2.10 | FRONTIER COMMUNICATIONS | 100 CTE DRIVE | | DALLAS | PA | 18612 | | 262 | Trade Vendor | | | | No | $69.66 |
| 2.11 | GREGORY S. SOULJE | 21 SPINNING WHEEL ROOAD | APT 10K | HINDSDALE | IL | 60521 | | | Broadcast Contractor | | | | No | $1,400.00 |
| 2.12 | ILLINOIS AMERICAN WATER CO 5793 | PO BOX 94551 | | PALATINE | IL | 60094-4551 | | 60 | Trade Vendor | | | | No | $40.78 |
| 2.13 | NEWS-GAZETTE DEFINED BENEFIT PENSION PLAN | 15 E MAIN ST | | CHAMPAIGN | IL | 61820 | | | DB PLAN | X | X | | No | $5,200,000.00 |
| 2.14 | RADIO MUSIC LICENSE COMMITTEE | PO BOX 209002 | | DALLAS | TX | 75320-9002 | | 604 | Trade Vendor | | | | No | $540.00 |
| 2.15 | RELIABLE PLUMBING & HEATING CO | PO BOX 8098 | | CHAMPAIGN | IL | 61826-8098 | | 148 | Trade Vendor | | | | No | $220.00 |
| 2.16 | ROGARDS OFFICE PLUS | 2901 BOARDWALK DR STE A | | CHAMPAIGN | IL | 61822 | | 116 | Trade Vendor | | | | No | $43.37 |
| 2.17 | SOUND EXCHANGE | 733 10TH ST. NW | 10TH FLOOR | WASHINGTON | DC | 20001 | | | Trade Vendor | | | X | No | $1,800.00 |
| 2.18 | SMITH–AMY BROOKS | 22 GROVE RD | | NATICK | MA | 01760 | 8/23/2019 | 2205 | Trade Vendor | | | | No | $400.00 |
| 2.19 | TATELINES, INC. | 1809 B LAKESIDE DR | | CHAMPAIGN | IL | 61821 | | | Broadcast Contractor | | | | No | $810.00 |
| 2.20 | TERMINIX | 2100 KICKAPOO DR | | DANVILLE | IL | 61832-5366 | | 409 | Trade Vendor | | | | No | $35.00 |
| 2.21 | URBANA CHAMPAIGN SANITARY DIST DWS | PO BOX 669 | | URBANA | IL | 61803-0669 | | 101 | Trade Vendor | | | | No | $100.28 |
| 2.22 | WESTWOOD ONE, INC. | 3542 MOMENTUM PLACE | | CHICAGO | IL | 60689-5335 | | 1404 | Trade Vendor | | | | No | $600.00 |
| | | | | | | | | | | | | | TOTAL: | $5,231,877.89 |

Fill in this information to identify the case:

Debtor name: D.W.S., Inc.

United States Bankruptcy for the District of: Delaware

Case number: 19-11899

☐ Check if this is an
amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** **Executory Contracts and Unexpired Leases**

1. Does the debtor have any executory contracts or unexpired leases?

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

2.1    State what the contract       SEE ATTACHMENT SCHEDULE G
or lease is for and the
nature of the debtor's
interest
State the term remaining    _____
List the contract number
of any government              _____
contract

SCHEDULE G ATTACHMENT
Executory Contracts and Unexpired Leases

| ID | Description of Contract or Lease | Remainder of Term (Days) | Contract Counterparty | Address 1 | Address 2 | Address 3 | City | State | ZIP |
|---|---|---|---|---|---|---|---|---|---|
| 2.01 | REAL ESTATE LEASE | 120 | ADAMS OUTDOOR ADVERTISING LIMITED PARTNERSHIP | ATTN: RICHARD J. ZECCHINO | 1711 DOBBINS DR | | CHAMPAIGN | IL | 61820 |
| 2.02 | RADIO VOICE-OVER | NA | AMY BROOKS SMITH | 22 GROVE RD | | | NATICK | MA | 1760 |
| 2.03 | MUSIC LICENSING | 10 | ASCAP | BROADCAST LICENSING DEPT - RADIO LICENSING | 250 W 57TH ST STE 1300 | | NEW YORK | NY | 10107-1300 |
| 2.04 | MUSIC SCHEDULING | 513 | A-WARE SOFTWARE D/B/A MUSICMASTER, INC. | 8330 LYNDON B. JOHNSON FREEWAY | SUITE B1050 | | DALLAS | TX | 75243 |
| 2.05 | REAL ESTATE LEASE | | BILL J. BOZDECH AND AMANDA B. BOZDECH | 1485 COUNTY RD 1550 NORTH | | | VILLA GROVE | IL | 61956 |
| 2.06 | MUSIC LICENSING | 10 | BMI | ATTN: SVP LICENSING | 7 WORLD TRADE CENTER | 250 GREENWICH ST. | NEW YORK | NY | 10019 |
| 2.07 | RADIO ADVERTISING AGENCY | 7 | CHRISTAL RADIO SALES, INC. | NATIONAL REP AGENCY | 125 W. 55TH ST. | | NEW YORK | NY | 10019 |
| 2.08 | UTILITY | 513 | CONSTELLATION ENERGY | CONTRACTS ADMINISTRATION | 1221 LAMAR ST. | SUITE 750 | HOUSTON | TX | 77010 |
| 2.09 | RADIO LISTENER SURVEY SERVICES | 730 | EASTLAN RATINGS LLC | EASTLAN RATINGS LLC | 2300 130TH AVENUE NE | SUITE A-104 | BELLEVUE | WA | 98005 |
| 2.10 | LAWN MAINTENANCE | | EVANS HORTICULTURAL SERVICES | PO BOX 473 | | | SAVOY | IL | 61874 |
| 2.11 | RADIO BROADCASTING LICENSE | 1,035 | FIGHTING ILLINI SPORTS PROPERTIES, LLC | 100 TRADE CENTRE DR | SUITE 102 | | CHAMPAIGN | IL | 61820 |
| 2.12 | TELECOMMUNICATIONS | | FRONTIER | 100 CTE DRIVE | | | DALLAS | PA | 18612 |
| 2.13 | MUSIC LICENSING | 0 | GLOBAL MUSIC RIGHTS, LLC | 907 WESTWOOD BLVD | #388 | | LOS ANGELES | CA | 90024 |
| 2.14 | SYNDICATED RADIO CONTENT | | GREG SOULJE | 21 SPINNING WHEEL RD | APT 10K | | HINSDALE | IL | 60521 |
| 2.15 | TRAFFIC AND COMMERCIAL SCHEDULING & BILLING SOFTWARE | 669 | MBS OPCO, LLC D/B/A MARKETRON | 101 EMPTY SADDLE TRAIL | | | HAILEY | ID | 83333 |
| 2.16 | SYNDIACTED RADIO PROGRAMMING | 243 | PREMIERE NETWORKS, INC. | 125 W. 55TH ST. | 21ST FLOOR | | NEW YORK | NY | 10019 |
| 2.17 | TRADE ASSOCIAITON MEMBERSHIP | | RADIO ADVERTISING BUREAU | 400 E. LAS COLINAS BLVD | SUITE 350 | | IRVING | TX | 75039 |
| 2.18 | MUSIC LICENSING | | RADIO MUSIC LICENSE COMMITTEE | ATTN: BILL VELEZ | 1616 WESTGATE CIRCLE | | BRENTWOOD | TN | 37027 |
| 2.19 | MUSIC LICENSING | | RADIO MUSIC LICENSE COMMITTEE | C/O WEIL, GOTSHAL & MANGES LLP | ATTN: R. BRUCE RICH | 767 5TH AVE | NEW YORK | NY | 10153 |
| 2.20 | VOICE TALENT | | RICH VANSLYKE PRODUCTIONS | 2280 MARSHLAND COURT | | | SUWANEE | GA | 30024 |
| 2.21 | MUSIC LICENSING | | SESAC | C/O JOSEPH HAGE AARONSON LLC | ATTN: GREGORY P. JOESPH | 485 LEXINGTON AVE, 30TH FLR. | NEW YORK | NY | 10017 |
| 2.22 | MUSIC LICENSING | | SESAC PERFORMING RIGHTS | ATTN:PATRICK COLLINS, PRES.& CEO | 55 MUSIC SQAURE EAST | | NASHVILLE | TN | 37203 |
| 2.23 | MUSIC LICENSING | | SESAC, INC. | ATTN: JOHN H. JOSEPHSON, CHAIR & CEO | 152 W. 57TH ST | 57TH FLOOR | NEW YORK | NY | 10019 |
| 2.24 | MUSIC LICENSING | | SOUND EXCHANGE | 733 10TH ST. NW | 10TH FLOOR | | WASHINGTON | DC | 20001 |
| 2.25 | LAWN MAINTENANCE | | SPRING GREEN | PO BOX 17066 | | | URBANA | IL | 61803 |
| 2.26 | Radio Tower Rental | 458 | UNITED STATES DEPT OF COMMERCE, NOAA REAL PROPERTY DIVISION | ATTN: CONTRACTING OFFICER | BOLLING FEDERAL BUILDING, 601 E 12 TH ST | 17TH FLOOR | KANSAS CITY | MO | 64106 |
| 2.27 | COMMERCIAL PRODUCTION MUSIC | 0 | UNIVERSAL MUSIC - Z TUNES LLC D/B/A FIRSTCOM MUSIC | 14860 MONTFORT DR | SUITE 260 | | DALLAS | TX | 75254 |
| 2.28 | HMS-KIO WEBSITE CONTENT | 79 | VIPOLOGY | 1278 CENTER COURT DR | | | COVINA | CA | 91724 |
| 2.29 | SYNDICATED RADIO CONTENT | 489 | WESTWOOD ONE, INC. D/B/A | ATTN: GENERAL COUNSEL AND SVP, AFFILIATE SALES | 3542 MOMENTUM PL | | CHICAGO | IL | 60689-5335 |
| 2.30 | ON-AIR AUDIO STORAGE AND PLAYING SYSTEM | 31 | WIDEORBIT, INC. | DEPT CH 17518 | | | PALATINE | IL | 60055-7518 |

**Fill in this information to identify the case:**

Debtor name: D.W.S., Inc.

United States Bankruptcy for the District of: Delaware

Case number: 19-11899

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. Does the debtor have any codebtors?

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*. Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* Codebtor | | *Column 2:* Creditor | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 | | | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

Fill in this information to identify the case:

Debtor name: D.W.S., Inc.

United States Bankruptcy for the District of: Delaware

Case number: 19-11899

☐ Check if this is an amended filing

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206G)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____

declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 9/27/2019 | /s/ Traci E. Nally |
| Executed on | Signature of individual signing on behalf of debtor |
| | Traci E. Nally |
| | Printed name |
| | Executive Vice President |
| | Position or relationship to debtor |

Fill in this information to identify the case:

Debtor name: D.W.S., Inc.

United States Bankruptcy for the District of: Delaware

Case number: 19-11899

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets—Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206G)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a* _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

9/27/2019 _____

Executed on

/s/ Traci E. Nally       *Traci E. Nally*

Signature of individual signing on behalf of debtor
Traci E. Nally

Printed name
Executive Vice President

Position or relationship to debtor